FINDLEY, ROBERTS & CO. v. J. W. GIDNEY, Adm'r.

All the creditors of an intestate dying in this State, whether resident or non-resident, are entitled to prove their debts and share in the assets. Nor does it make any difference that there are not more assets in the hands of the administrator here, than will pay the debts of the domestic creditors, and there are assets in another State where the other creditors reside, upon which they might administer and pay their debts.

CIVIL ACTION, tried before SCHENCK, J., at Chambers in CLEAVELAND County, May 10th, 1875.

The complaint alleges: That the plaintiffs are citizens of the State of Maryland, and are wholesale merchants in the City of Baltimore.

That during the year 1873 they sold and delivered to John L. Moore, the intestate of the defendant, goods, wares and merchandize to the amount of $267.51, which amount with interest, is still due and owing to them, and which said Moore promised to pay.

Said Moore is dead, and was at the time of his death a resident of the State of North Carolina, and the defendant is his administrator.

The estate of the intestate is insolvent and will not pay the debts due from it to creditors residing in the State o North Carolina.

A large amount of assets have come into the hands of the defendant as administrator, and the plaintiffs have demand

ed their *pro rata* share of the same to be applied to their said debt, which has been refused.

The complaint prays, " That the said J. W. Gidney, Administrator, be required to render an account of the administration of said estate and that an account be stated under the direction of the Court, and for judgment, &c.

The defendant demurred to the complaint, and for cause of demurrer alleged :

That the facts set forth do not entitle the plaintiff to the relief claimed, because the domestic or home assets should be first applied to the domestic or home debts, and the complaint admits that such debts will exhaust the assets under the control of the defendant.

Upon the hearing the demurrer was overruled and the defendant appealed.

*Battle, Battle & Mordecai*, for the appellant.
No counsel *contra*, in this Court.

READE, J.　When letters of administration or letters testamentary are sued out in this State, all of the creditors of the deceased, whether resident in this State or not, are entitled to prove their debts and share in the assets ; and resident creditors have no preference over the non-residents. Nor does it make any difference that there are not more assets here than will pay the creditors here, and that there are assets in another State where the other creditors reside, upon which they might administer and pay their debts.　All the creditors can prove their debts and share the assets here, and then, when letters are sued out in the other State, all the creditors can prove and share there, as we suppose.

There is no error.　This will be certified.

PER CURIAM.　　　　　　　　　　　　Judgment affirmed.